IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-00771-RBJ

DAVID HAMILTON,

    Plaintiff,

v.

CAPIO PARTNERS, LLC,

    Defendant.

---

### ORDER

---

This order addresses defendant's motion for summary judgment [ECF No. 28]. For the reasons given below, the motion is granted.

**BACKGROUND**

This case involves alleged violations of the Fair Debt Collection Practices Act (FDCPA). Mr. David Hamilton is a Colorado resident and resides in Arapahoe County. ECF No. 1, ¶ 4. Capio Partners, LLC (Capio) is a Texas business that manages and collects accounts receivable for other companies. ECF No. 28 at 4, ¶ 1. Capio purchased Mr. Hamilton's account from CP Medical LLC, and on May 6, 2015 Capio mailed a letter to Mr. Hamilton regarding the account. *Id.* at 5. The parties do not dispute the contents of the letter or that the letter was the initial communication between the parties. *See* ECF No. 1, ¶ 10; ECF No. 28 at 5, ¶¶ 5–8. Although

the date of receipt is unclear, Mr. Hamilton admits he received the letter. ECF No. 1, ¶ 9. Capio's letter offered to settle its debt claim, stating in relevant part:

> We have been authorized to extend to you a special offer of settlement for $180.00. This offer will save you 40%. If you choose to accept this offer, payment must be received in this office on or before 05/21/2015.
>
> This settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side. If you do not accept this settlement offer you are not giving up any of your rights regarding this debt.

ECF No. 28, Ex. A, at 1. The back of the letter provided notice of Mr. Hamilton's rights as required by 15 U.S.C. § 1692g(a).[1] *See* ECF No. 28 at 5, ¶ 8; ECF No. 30 at 2.

On April 4, 2016 Mr. Hamilton filed a complaint alleging that Capio violated the FDCPA. ECF No. 1, ¶ 15. Mr. Hamilton contends that Capio's settlement offer overshadows and is inconsistent with the notice of his rights, violating 15 U.S.C. § 1692g(b). *Id.* ¶ 12.

On September 7, 2016 Capio filed a motion for summary judgment. ECF No. 28. Capio reads the complaint to raise a claim only under § 1692g(b). *See id.* at 14. Capio then asserts that whether a notice is overshadowed or contradicted is question of law, and that as a matter of law the letter did not violate § 1692g(b). *Id.* at 8. In his brief in opposition to Capio's motion for summary judgment, Mr. Hamilton responds that the issue of overshadowing is a question of fact

---

[1] In particular, the letter states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

ECF No. 28, Ex. A, at 2.

2

for the jury. ECF No. 30 at 9. Additionally, Mr. Hamilton argues that his complaint set forth ample facts to state claims for violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f. ECF No. 30 at 11–13.

## STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the nonmoving party. *Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## ANALYSIS

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. The FDCPA regulates interactions between consumer debtors and "debt collectors." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). Accordingly, a defendant can be held liable only if it is a debt collector within the meaning of the FDCPA. *James v. Wadas*, 724 F.3d 1312, 1315–16 (10th Cir. 2013). The FDCPA defines a debt

collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . ."  15 U.S.C. § 1692a. Capio is in the business of collecting debts and Capio mailed a letter to Mr. Hamilton for the purpose of collecting his debt, so Capio is a debt collector subject to the FDCPA's requirements. *See* ECF No. 28 at 4–5, ¶¶ 1–5.

Most courts review FDCPA claims under an objective "least-sophisticated-consumer" standard.  *See Ferree v. Marianos*, 129 F.3d 130, at *1 (10th Cir. 1997) (unpublished); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. 1996); *cf. Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 n.4 (1st Cir. 2014) (using a similar "unsophisticated consumer" standard); *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 774 (7th Cir. 2007) (same); *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (same).

The least-sophisticated-consumer standard is "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Ferree*, 129 F.3d 130, at *1 (quoting *Russell*, 74 F.3d at 34).  "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Id.*  The consumer

"can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id*.

Although the Tenth Circuit has not addressed whether the least-sophisticated-consumer standard applies to claims arising under the FDCPA, it has applied this test in at least two unpublished opinions. *See Ferree*, 129 F.3d 130, at *1; *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015). Therefore, the Court will apply the least-sophisticated-consumer standard to Mr. Hamilton's claims.

### A. Section 1692g.

Section 1692g of the FDCPA provides, among other things, that a debt collector must inform a consumer that she has the right to dispute the validity of a debt claim within thirty days of receiving notice of a debt collection action. 15 U.S.C. § 1692g(a)(3). The debt collector's communications "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.* § 1692g(b). Under the least-sophisticated-consumer standard, "[a] notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell*, 74 F.3d at 35.

The majority of courts that have considered the issue have held that the question of whether a validation notice is overshadowed or contradicted is a question of law appropriate for summary judgment. *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 n.2 (6th Cir. 2007); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997); *but see Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999)(holding it is a question of fact). Nevertheless, Mr. Hamilton argues that the issue

5

is a question of fact for the jury, relying on the unpublished case *Nikkel v. Wakefield & Assocs., Inc.*, No. 10-cv-02411, 2012 WL 5571058 (D. Colo. Nov. 15, 2012). ECF No. 30 at 9. That case is inapposite. The *Nikkel* court determined whether the defendant debt collector violated § 1692g as a matter of law. *Id.* at *12. Only under a different section—§ 1692f—did the *Nikkel* court find a disputed material fact that foreclosed judgment as a matter of law. *Id.* at *11. Thus, although the Tenth Circuit has not yet determined whether a violation of § 1692g presents a question of law or fact, the Court will follow the majority of circuit courts of appeal and its sister courts by deciding whether Capio's letter overshadows or contradicts the validation notice as a matter of law. *See Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1223 (D. Kan. 2014).

Cases addressing debt collection letters that contain both a settlement offer and a validation notice have held that merely including a settlement offer does not overshadow the validation notice. For example, in *Harrison v. NBD Inc.*, the debt collector's letter offered a special discount if the consumer paid before the end of the statutory thirty-day window for requesting validation of the debt. 968 F. Supp. 837, 840 (E.D.N.Y. 1997). The court held that the least sophisticated consumer would not construe the special discount as overshadowing the validation notice because the letter did not demand immediate payment, did not imply that the consumer must dispute the debt in less than thirty days, and contained language at the bottom of the page that satisfied § 1692g(a). *Id.* at 847–48. Similarly, the court in *Gervais v. Riddle & Associates, P.C.* concluded that "the mere existence of a settlement offer in a validation notice is insufficient to constitute an overshadowing claim under the FDCPA as a matter of law." 479 F. Supp. 2d 270, 278 (D. Conn. 2007).

In contrast, cases in which courts have found overshadowing or contradiction involved notice letters with much more demanding or confusing language. The letter in *Vu v. Diversified Collection Services, Inc.* stating that the debt collector would hold the consumer's account "for 10 days . . . to give [her] the opportunity to settle this obligation," overshadowed the validation notice because, the court reasoned, the letter contained no settlement offer, made no reference to negotiating a discount, and provided no explanation that the ten days did not displace the thirty-day deadline. 293 F.R.D. 343, 361 (E.D.N.Y. 2013). Similarly, the U.S. District Court for the District of Kansas held that a debt collector's letter violated section 1692g because it stated that if the debt was not paid within ten days then the debt collector would pursue legal action. *Rachoza v. Gallas & Schultz*, No. CIV. A. 97-2264-EEO, 1998 WL 171280, at *5 (D. Kan. Mar. 23, 1998). Likewise, the Fourth Circuit found that the statements "THIS IS A DEMAND FOR IMMEDIATE FULL PAYMENT" and "PHONE US TODAY. IF NOT PAY US—NOW" flatly contradicted the thirty-day validation requirement. *Miller v. Payco-General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991).

In Mr. Hamilton's case, the letter from Capio is markedly different from the cases finding overshadowing or contradiction. Capio's letter contains all the information required by § 1692g. The letter makes clear that "should [Mr. Hamilton] choose to accept this offer" he must pay by May 21, 2015, but it does not imply that normal payment must be made at any point before the end of the thirty-day window for disputing and validating the debt. Furthermore, the letter does not suggest that the debt must be disputed in fewer than thirty days or that Mr. Hamilton has no right to dispute the debt. In fact the letter expressly states: "This settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request

7

validation of this debt during the 30 days following your receipt of this letter as described on the reverse side." ECF No. 28, Ex. A, at 1.  And because Capio claims the right to collect Mr. Hamilton's entire debt, *see* ECF No. 28 at 5, ¶¶ 4–6, Capio's letter cannot be understood as threatening a surcharge of "40% more [sic] than [Mr. Hamilton] would have" paid if he accepted the settlement without invoking his statutory right to validate the debt, *see* ECF No. 1, ¶ 12.[2] Thus, even the least sophisticated consumer would understand Capio's special settlement offer did not revoke her right to dispute the debt.

### B. Other Provisions.

Although Mr. Hamilton did not raise a claim under §§ 1692d, 1693e, or 1692f until his brief in opposition to Capio's motion for summary judgment, the Court will consider whether Mr. Hamilton's complaint pleads sufficient facts to support such claims.

First, even when read in the light most favorable to Mr. Hamilton, his complaint fails to allege specific facts to support a claim under § 1692d.  This provision forbids a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Mr. Hamilton does not suggest that Capio's letter contained a threat of violence, obscene language, or constituted any of the conduct identified as a violation in § 1692d.  *See Pollard v. Law Office of Mandy L. Spaulding*, 967 F. Supp. 2d 470, 475 (D. Mass. 2013), *aff'd*, 766 F.3d 98 (1st Cir. 2014).  Therefore, Mr. Hamilton's complaint fails to state a claim under § 1692d.

---

[2] The opposite of a 40% discount not a 40% surcharge.  Here, if Mr. Hamilton had paid the full $300 instead of accepting Capio's offer to pay only $180, he would have paid about 67% more (i.e., $300 minus $180, divided by $180).

Next, Mr. Hamilton fails to allege facts to support a claim under § 1692e. This section provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Mr. Hamilton does not claim that the amount of the debt or its legal status was falsely represented in the letter. He also does not allege that the language was misleading or deceptive. Rather, the complaint reflects that Mr. Hamilton understood he had the option to dispute his debt or pay the discounted rate. ECF No. 1, ¶ 12. The complaint thus fails to state a claim under § 1692e.

Last, under § 1692f "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This section provides a nonexclusive list of prohibited conduct. *See id.* Mr. Hamilton does not plead any facts to suggest that the letter falls under any of the proscribed conduct. Nor does he plead any facts suggesting that the letter constitutes other unfair of unconscionable conduct. The complaint simply alleges that the letter contained the validation notice and a special offer. ECF No. 1, ¶¶ 10–11. Therefore, Mr. Hamilton's complaint fails to state a claim under § 1692f as well.

## ORDER

Capio Partners, LLC's motion for summary judgment [ECF No. 28] is GRANTED. This civil action and all claims within are dismissed with prejudice. As the prevailing party defendant is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. Final judgment will enter accordingly.

DATED this 17th day of February, 2017.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

10